## SCHROEDER v. UNITED STATES.

### ENGELHARD v. SAME.

(Circuit Court of Appeals, Second Circuit. November 8, 1907.)

#### Nos. 76, 77 (4,242, 4,243).

CUSTOMS DUTIES—CLASSIFICATION—FLINT TILES—SPECIFIC DESIGNATION.

Of the provisions in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 88, 30 Stat. 155 [U. S. Comp. St. 1901, p. 1632], (1) for "tiles, plain unglazed, one color, exceeding two square inches in size," and (2) for "tiles * * * semi-vitrified, flint," etc., the latter is more specific; and tiles embraced in both descriptions are dutiable under the latter.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 43.]

Appeals from the Circuit Court of the United States for the Southern District of New York.

These are appeals by Rudolph Schroeder and Charles Engelhard from a decision of the Circuit Court, affirming decisions of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of New York. The opinion rendered in the Circuit Court is as follows:

HOUGH, District Judge. No importance can be attached to the use of the word "vitrous" by the witnesses. They evidently regard the word as synonymous with "vitrified." The very matter here litigated seems to have been considered in G. A. 4,281 (T. D. 20,127) very shortly after the present tariff act went into effect. Tiles of the same kind as are now under consideration were also investigated in G. A. 3,704 (T. D. 17,656) shortly before the passage of the act of 1897. Comparing these two decisions with the testimony in this case, I am convinced that the articles in question were, prior to 1897, known as "flint tiles," and were inserted in the act of 1897 by their trade designation. I think therefore that the sort of tile shown by the illustrative Exhibit A (November 8, 1906) was properly classified as a flint tile. I am in some doubt as to whether said Exhibit A is semi-vitrified, but the testimony on that head is not sufficiently strong to disturb the finding of the Appraisers.

The subject of protest in the second suit, as shown by Exhibit 1 (175,685, February 16, 1906), seems to me to be clearly semi-vitrified.

The decision of the Appraisers is sustained.

The case involves the construction of Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 88, 30 Stat. 155 [U. S. Comp. St. 1901, p. 1632], reading as follows:

"Par. 88. Tiles, plain unglazed, one color, exceeding two square inches in size, four cents per square foot; glazed, encaustic, ceramic mosaic, vitrified, semi-vitrified, flint, spar embossed, enameled, ornamental, hand painted, gold decorated, and all other earthenware tiles, valued at not exceeding forty cents per square foot, eight cents per square foot; exceeding forty cents per square foot, ten cents per square foot and twenty-five per centum ad valorem."

The articles in controversy were plain unglazed tiles of one color, exceeding two square inches in size. The Board of General Appraisers and the Circuit Court found them to be flint or semivitrified,

and held them to have been properly classified as such under the second subdivision of said paragraph. The importers disputed the correctness of the finding that they were either flint or semivitrified tiles, and contended further that, even if they were tiles of those classes, they were more specifically designated under the provision in the first subdivision for "tiles, plain, unglazed, one color," etc.

Hatch & Clute (Walter F. Welch, of counsel), for importers.
J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. Decision affirmed.